FILED
SUPERIOR COURT
OF GUAM

2021 OCT 14 AM 11: 53

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO. CM0123-19** |
| | **GPD Report No. 19-08371** |
| vs. | |
| | **DECISION AND ORDER** |
| **RAMBO RAMBO, aka Yomoan Rosta,** | **DENYING DEFENDANT'S MOTION** |
| **aka Rambo Milk,** | **TO DISMISS BASED ON DOUBLE** |
| DOB: 01/11/1987 | **JEOPARDY** |
| Defendant. | |

This matter came before the Honorable Dana A. Gutierrez on July 16, 2021 for a Motion Hearing on Defendant Rambo Rambo's ("Defendant") Motion to Dismiss Based on Double Jeopardy ("Motion") filed on March 13, 2020. Present via Zoom were Defendant Rambo Rambo, aka Yomoan Rosta, aka Rambo Milk ("Defendant"); Public Defender Stephen Hattori representing Defendant; Assistant Attorney General Sean Brown representing the People of Guam (the "People"). Upon a review of the applicable law and the arguments presented by the parties, the Court hereby **DENIES** Defendant's Motion to Dismiss Based on Double Jeopardy.

### BACKGROUND

In Criminal Case No. CF0109-18, on October 11, 2018, the above-named Defendant pleaded guilty to: 1) two counts of Assault (as a Misdemeanor) as a lesser-included offense of Aggravated Assault; and 2) Criminal Mischief (As a Misdemeanor) as a lesser-included offense

of Criminal Mischief. At the Change of Plea hearing, the Defendant was sentenced to three (3) years imprisonment, with all but seven (7) months suspended, with credit for time served, for both counts of Assault (as a Misdemeanor) and the charge of Criminal Mischief (As a Misdemeanor). Judgment of Conviction, at 2 (Oct. 23, 2018).[1]

While Defendant was released and on probation in CF0109-18, Defendant was charged with one count of Criminal Mischief (As a Misdemeanor) in the instant case, Criminal Case No. CM0123-19, on March 23, 2019. On April 17, 2019, a First Violation Report was filed in CF0109-18 alleging that Defendant committed the following violations of his probation in CF0109-18:

> 1. Probationer has failed to obey all the laws of Guam. On March 23, 2019 a magistrate's complaint was filed with the Court, charging the probationer with Criminal Mischief (as a misdemeanor) in CM0123-19 under the alias name Rambo Rambo.
> 2. Probationer was released from confinement on April 4, 2019, but has failed to report to the Probation Office Intake and processing in CM0123-19 and once a month in person in CF0109-18. His last report was on November 18, 2018.
> 3. Probationer has failed to report to Client Services and Family Counseling for intake and assessment.
> 4. Probation has failed to make payments to his $300.00 fine and $80.00 court cost [sic]

Opp., Exhibit 1 (Feb. 15, 2021).

On January 9, 2020, the Honorable Arthur R. Barcinas held an evidentiary hearing to address the Defendant's First Violation Report in CF0109-18. Exhibit to Mot. for Dismissal (July 16, 2021). Based on the results of the evidentiary hearing, Judge Barcinas held a

---

[1] The Court takes judicial notice of this Judgment. *In re N.A.*, 2001 Guam 7 ¶ 58 (the Court may take judicial notice of "the truth of facts in certain documents, including past court orders, findings of fact and conclusions of law, and judgments.").

sentencing hearing on March 12, 2020. *Id.* At the sentencing hearing, Judge Barcinas revoked the Defendant's probation in CF0109-18 and sentenced the Defendant to serve the remaining time on his suspended sentence that was initially imposed pursuant to the Plea Agreement and Judgment entered in that case. *Id.* Specifically, Judge Barcinas sentenced Defendant to serve the three years imprisonment, with credit for time served in the amount of four hundred and fifty-six (456) days, for both counts of Assault (as a Misdemeanor) and the charge of Criminal Mischief (As a Misdemeanor).[2]

On March 13, 2020, the Defendant filed his Motion to Dismiss Based on Double Jeopardy in the above-captioned case, CM0123-19. This case was assigned to this Court on December 4, 2020.[3] On February 12, 2021, the Court held a Further Proceedings hearing and ordered the People to file any opposition by February 26, 2021 and that Defendant file any reply by March 3, 2021. The People filed their Opposition on February 15, 2021. Defendant did not file a reply. The Court held the Motion hearing on July 16, 2021 and subsequently took the

---

[2] *Compare* Judgment of Conviction, CF0109-18, at 2 (Oct. 23, 2018) (sentencing the Defendant to three years imprisonment, with all but seven months suspended, with credit for time served), *with* Amended Judgment, CF0109-18, at 2 (July 16, 2021) (sentencing the Defendant to serve three years imprisonment, none suspended, with credit for time served).

[3] Defendant filed the instant Motion to Dismiss on March 13, 2020; however, a Plea Agreement was filed on June 29, 2020. Therefore, the Court called the case on February 12, 2021 for a Further Proceedings hearing to clarify whether the Defendant was pursuing the Motion to Dismiss or desired to move forward with the Plea Agreement. At the hearing, defense counsel represented that Defendant desired to pursue the Motion to Dismiss, and the Court ordered due dates on the briefings.

The Court set the Motion for a hearing on April 9, 2021. At that hearing, the Court was informed that the Defendant was detained on a federal immigration hold. Counsel for Defendant requested a continuance to confirm if the Defendant was on the deportation list. Min. Entry, at 1:19:10 PM (Apr. 9, 2021).

The Court continued the hearing to May 7, 2021. At that hearing, neither defense counsel nor probation had updated information on Defendant's location. The Court issued a Writ of Habeas Corpus *Ad Prosequendum* to ensure the Defendant's presence at the July 16, 2021 Motion hearing.

matter under advisement.

## DISCUSSION

Defendant moves to dismiss the the charge against him in CM0123-19 on the grounds that it violates Defendant's Fifth Amendment right against double jeopardy, as Defendant "has already been punished by the Superior Court for this same conduct in CF0109-18." Motion, at 1. Defendant argues that this case is analogous to *People v. Manila*, 2005 Guam 6, and asserts that the Guam Supreme Court held that "a probation revocation based upon a new criminal case bars prosecution of the new charge." *Id.* at 3; Min. Entry, at 1:42:41-1:46:25 PM (July 16, 2021). Defendant argues that "there can be no doubt" that the three year sentence ordered by Judge Barcinas in CF0109-18 "is punitive." *Id.* at 2.

In opposition, the People argue that notwithstanding the case law, Defendant has failed to provide a factual basis for the Court to grant his motion. Opp., at 1; Min. Entry, at 1:46:34-1:52:10 PM (July 16, 2021). The People contend that there were multiple reasons for Defendant's revocation of probation in CF0109-18, not simply his new charge in CM0123-19. *Id.* at 2 (listing some reasons as Defendant's failure to report to probation, failure to report to client services, and failure to pay his fines and court costs).

### I.     Defendant Mischaracterizes the Holding in *People v. Manila*.

Defendant mischaracterizes the holding in *People v. Manila* as determining that "a probation revocation based upon a new criminal case bars prosecution of the new charge." Motion, at 2. In *People v. Manila*, the defendant pleaded guilty to Driving While Under the Influence of Alcohol ("DUI") and Reckless Driving ("First DUI case"). *Manila*, 2005 Guam 6 ¶

4

2. Pursuant to the Plea Agreement in the First DUI, the defendant ("Manila") was sentenced as a

first time DUI offender. *Id.* While on probation in the First DUI case, Manila was charged with

a second DUI and Reckless Driving case ("Second DUI case"). *Id.* at ¶¶ 3-4.

The People motioned to revoke Manila's probation in the First DUI case on the grounds

that the Second DUI case amounted to a violation of the conditions of his probation. *Id.* at ¶ 4.

After an evidentiary hearing on the motion to revoke the probation in the First DUI case, the trial

court "found that [the Defendant] was Driving Under the Influence on or about October 8, 2001

[the Second DUI case] in the Island of Guam and based upon this finding, [the Court] revoked

the probation of [the Defendant]." *People v. Manila*, CF0470-97, Decision and Order ("D&O"),

at 3 (July 19, 2002). The trial court continued:

> In revoking his probation, [the Court] has re-sentenced and imposed general
> punishment against [the Defendant] as a second DUI offender. [The Court] has
> imposed this punishment in a swift and expeditious manner without [the
> Defendant] having to be tried for the second offense. Irregardless of the pace [the
> Defendant's] current case takes, he has been punished for the offenses he has been
> charged with in that case.

*Id.* at 4.

In other words, although acting in the First DUI case, the trial court found Manila guilty

of the new charges and imposed a sentence that was only statutorily available for a second DUI

offender, rather than merely imposing the original suspended sentence for the first DUI offense.

*Id.* at 3-4. Based on this, the Guam Supreme Court reasoned that "in light of the statements

expressed by the revocation court . . . the revocation court was apparently sentencing Manila for

the offenses charged in the Second DUI case." *Manila*, 2005 Guam 6 ¶ 16. "[T]he problem

presented in the case *sub judice* lies in the fact that in revoking probation, the revocation court explicitly stated that it was punishing Manila for the offenses committed while Manila was on probation and which are charged in the Second DUI case." *Id.* at ¶ 17.

The Guam Supreme Court held that under normal circumstances, "double jeopardy does not attach at a revocation hearing to bar a trial of the new criminal charges" because "revocation proceedings are not new criminal prosecutions, and do not punish the defendant for the criminal actions committed while on probation[.]" *Id.* at ¶ 15. However, the *Manila* Court reasoned that "[t]he application of the above-mentioned principles is dependent [ ] upon the underlying premise that in revoking probation, the revocation court limited the imposition of its sentence to the crime for which probation was imposed." *Id.* at ¶ 16.

The *Manila* Court further reasoned:

> It is clear that upon revocation of probation, a sentence may be imposed for the original offense upon the conviction of which the defendant was granted probation. *If the act alleged to be a violation of probation constitutes another crime and sentence is to be imposed for the subsequent act, the defendant should be tried for such crime and sentence imposed under the orderly criminal processes. This does not preclude sentence on the original offense and the distinction is drawn so as to obviate any question of double jeopardy.*

*Id.* at ¶ 31 (quoting *People v. Deskin*, 361, N.E.2d 1188, 1189 (Ill. App. Ct. 1977). The *Manila* Court held that Manila's case was "unique" in that the trial court "clearly exceeded its authority in punishing Manila for the Second DUI," and that because the revocation court had "fundamental jurisdiction over the revocation proceeding and generally over the offense of DUI, Manila was placed in jeopardy in being punished and serving his punishment for the second DUI offense." *Id.* at ¶¶ 32-36.

6

In light of the reasoning explained by the *Manila* Court, it is clear that the Guam Supreme Court did *not* hold that "a probation revocation based upon a new criminal case bars prosecution of the new charge." Motion, at 2. Rather, the Guam Supreme Court held that the general rule is that "[b]ecause revocation proceedings are not new criminal prosecutions, and do not punish the defendant for the criminal actions committed while on probation, double jeopardy does not attach at a revocation hearing to bar a trial of the new criminal charges." *Id.* at ¶ 15. Notwithstanding this rule, the Court explained that the facts of Manila's case—namely, that at the revocation hearing, the trial court explicitly found Manila guilty in his *new* case and imposed an entirely new sentence specifically for his new case—prevented the application of this general rule from applying in his "unique" case. *Id.* ¶¶ 32-36.

## II.     The Defendant Has the Burden of Proof When Filing Motions to Dismiss Based on Double Jeopardy.

In *People v. San Nicolas*, the Guam Supreme Court held that when moving to dismiss charges on the grounds of a double jeopardy violation, "[t]he burden of proof is on the defendant to establish that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *People v. San Nicolas*, 1999 Guam 19 ¶¶ 12-13 (analyzing Defendant's argument that his prosecution was barred by double jeopardy) (citing *Dowling v. U.S.*, 493 U.S. 342, 350, 107 L. Ed. 2d 708, 110 S. Ct. 668, 673 (1990)).

Further, the burden of persuasion generally does not shift to the prosecution in a motion to dismiss for double jeopardy. *See U.S. v. Bendis*, 681 F.2d 561, 564 (9th Cir. 1981) (holding that generally the burden of persuasion does not shift and always rests with the defendant;

7

however, during an interlocutory appeals process, once the defendant makes a non-frivolous showing of former double jeopardy, the government must tender to the court evidence indicating separate charges) (citing to *Sanchez v. U.S.*, 341 F.2d 225, 227 (9th Cir. 1965)).[4]

**III.    Defendant Has Not Met His Burden of Proof to Show That The Holding in *Manila* Applies to the Case At Bar, and Therefore Jeopardy Did Not Attach.**

Because the holding in *Manila* was highly dependent on the "unique" facts of that case, the Defendant in the above-captioned case has the burden to demonstrate that the *Manila* holding applies to the facts of the Defendant's situation. *See San Nicolas*, 1999 Guam 19 ¶¶ 12-13. Here, the Defendant offers no facts to suggest that Judge Barcinas sentenced the Defendant for his new charges in this case, CM0123-19. *See* Motion. Although Defendant argues that "the facts underlying this case were used as the basis for revocation" of his probation in CF0109-18, as the Guam Supreme Court noted in *Manila*, "[i]f the act alleged to be a violation of probation constitutes another crime and sentence is to be imposed for the subsequent act, the defendant **should be tried for such crime** and sentence imposed under the orderly criminal processes. This does **not** preclude sentence on the original offense and the distinction is drawn so as to obviate any question of double jeopardy." *Manila*, 2005 Guam 6 ¶ 29 (emphasis added); *see* 9

---

[4] In *Sanchez v. U.S.*, the Ninth Circuit held that when a motion to dismiss based on double jeopardy is before the trial court, the "burden rests upon the accused to establish that" the "two prosecutions relate to the same conduct." *Sanchez*, 341 F.2d at 227; *see also U.S. v. Benson*, 1993 WL 460960, at *3 (9th Cir. 1993) (holding that "the burden is on the [defendant] to establish facts supporting his contention that his retrial violated the double jeopardy clause of the fifth amendment."); *U.S. v. Zone*, 403 F.3d 1101, 1105 (9th Cir. 2005) (holding that Defendant did not satisfy his evidentiary burden on a motion to dismiss for double jeopardy where he produced news articles describing the events that occurred, citing favorably to *U.S. v. McKinney*, 52 F.3d 664, 676 (5th Cir. 1995) ("The defendant has the burden of producing evidence to show a prima facie double jeopardy claim.")).

GCA § 80.60(b) ("When the court revokes a suspension or probation, it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted.").

In fact, the Amended Judgment reveals that Judge Barcinas explicitly sentenced the Defendant for his original underlying offense in CF0108-19, properly limiting "the imposition of its sentence to the crime for which probation was imposed." *Manila*, 2005 Guam 6 ¶ 16.[5] To support his contention that "the statements expressed" by Judge Barcinas presents a situation analogous to *Manila*, Defendant cites to nothing on the record from the hearings held in front of

---

[5] The Amended Judgment issued by Judge Barcinas on March 16, 2020 states:

> Wherefore, it is hereby ORDERED, ADJUDGED, AND DECREED, the Defendant, Milk Manutae, is hereby sentenced as follows:
> a) That for the conviction of: 1) ASSAULT (as a Misdemeanor) *as a lesser-included offense* of AGGRAVATED ASSAULT, Charge 1, Count 1; 2) ASSAULT (as a Misdemeanor) *as a lesser-included offense* of AGGRAVATED ASSAULT, Charge 1, Count 2; and 3) CRIMINAL MISCHIEF (as a Misdemeanor) *as a lesser-included offense* of CRIMINAL MISCHIEF, Charge 3, the Defendant shall be sentenced to three (3) years imprisonment at the Department of Corrections, with credit for time served in the amount of four hundred and fifty-six (456) days.

This is starkly contrasted to the language of the trial court in *People v. Manila* where the trial court explicitly stated that Manila was being sentenced for his *new* charges in the Second DUI case:

> In this matter, [the Court] has determined and found that [the Defendant] was Driving Under the Influence on or about October 8, 2001 [the Second DUI case] in the Island of Guam and based upon this finding, [the Court] revoked the probation of [the Defendant] . . . In revoking his probation, [the Court] has re-sentenced and imposed general punishment against [the Defendant] as a second DUI offender. [The Court] has imposed this punishment in a swift and expeditious manner without [the Defendant] having to be tried for the second offense. Irregardless of the pace [the Defendant's] current case takes, he has been punished for the offenses he has been charged with in that case.

*People v. Manila*, CF0470-97, D&O, at 3 (July 19, 2002).

Judge Barcinas on January 9 and March 12, 2020. *See id.* (where the Court's holding relied heavily on "the statements expressed by the revocation court").

Due to the Defendant's failure to meet his burden by pointing to any evidence on the record indicating that Judge Barcinas considered the Defendant's offense in CM0123-19 as anything more than "evidence of his rehabilitative potential," this Court finds that jeopardy did not attach at Defendant's revocation hearing in CF0109-18. *See id,,* at ¶ 29. Because jeopardy must first "attach" before a defendant "can suffer double jeopardy," the Court must deny Defendant's Motion to Dismiss Based On Double Jeopardy. *See id.,* at ¶ 23.

## CONCLUSION

In accordance with the applicable law and for the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss Based on Double Jeopardy.

A Further Proceedings hearing is set for **November 12, 2021 at 1:30 p.m.**

**SO ORDERED**: ___1 4 OCT 2021___

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**